CHARLES S. HARPER *vs.* BENJAMIN L. DENNIS.

Pub. Stat. R. I. cap. 237, § 19, provides that when attachments or levies are dissolved by an assignment, or by the appointment of a receiver, costs in the cases shall be preferred and be first paid.

*Held*, that this provision gave the costs a preference over other claims of creditors, but not over the assignee's expenses and reasonable compensation.

EXCEPTIONS to the Court of Common Pleas.

*April* 16, 1890. PER CURIAM. The case presented by the exceptions is this. Prior to September 14, A. D. 1888, the plaintiff commenced suit at law against one T. F. Sweeney, wherein he attached the sum of $140 belonging to Sweeney by foreign attachment. On said September 14 Sweeney made a general assignment for the benefit of his creditors under Pub. Stat. R. I. cap. 237, § 12, to the defendant, thereby dissolving said attachment. Said cap. 237, § 19, provides that the costs in such cases " shall be preferred and first paid." The costs in said action were $8.15. The defendant after collecting said $140 refused to pay said costs on demand, because there were collection suits under the assignment still pending, and he claimed the right to wait until the expenses of executing the trusts of the assignment were ascertained and deducted from the fund recovered. The court below ruled that the plaintiff was entitled to be paid first, and gave him judgment. The question is, was the ruling right ?

We think it was erroneous. The general rule is, that an assignee is entitled to retain his expenses, including a reasonable compensation for himself, and it is only what is left that constitutes the fund for the creditors. We do not understand that said § 19 does more than give the creditor whose attachment is dissolved a preference over other creditors to the extent of the costs. Our attention is drawn to said cap. 237, § 15, prohibiting all except certain preferences, the concluding words of which provide that " the expenses of executing the assignment shall first be paid out of the estate." We think that these words, if they were meant to apply to the expenses of executing the trusts of the assignment, are in keeping with our view as above expressed. They do not purport merely

to create a preference as among creditors, but they provide directly that the expenses shall first be paid.

*Exception sustained.*

*W. B. Tanner*, for plaintiff.

*Benjamin L. Dennis, pro se ipso.*